# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| DAVID LORENZO FLETCHER, ) | |
| ) | |
| Movant, ) | Case No. 10-05003-CV-SW-DGK |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## AMENDED ORDER

Pending before the Court is Movant David Lorenzo Fletcher's Motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. Doc. 1. The Court has reviewed this Motion in conjunction with the Government's Response, Movant's Reply and all attached exhibits. Docs. 8, 17. For the reasons discussed below, this Motion is DENIED.

## Background

On July 26, 2007, Movant was indicted with four counts by a federal grand jury. Crim. Doc. 1.[1] Count I charged that Movant had knowingly possessed five or more false identification documents, specifically 55 counterfeit Missouri driver's licenses, in violation of 18 U.S.C. §§ 1028(a)(3) and (b)(2). Count II charged that Movant had knowingly possessed certain "document-making implements" with the intent that they be used to produce false identification documents, in violation of 18 U.S.C. §§ 1028(a)(5) and (b)(1). Count III charged that Movant had knowingly possessed means of identification of another persons, specifically employment applications and other human resources information, with the intent that such means be used to create false identification documents. Count IV charged that Movant had knowingly possessed a counterfeited security of an organization, specifically payroll checks purporting to be from

---

[1] The Court cites the related criminal case, 07-05058-CR-SW-DGK, as Crim Doc. __.

Racetrac Petroleum, Inc., with the intent to deceive. The indictment also contained a forfeiture allegation against the items alleged in Count II.

On September 11, 2008, Movant appeared before United States Magistrate Judge James C. England, by consent, and pled guilty to Counts I and II and the forfeiture allegation. Crim. Docs. 41-42. This plea was pursuant to a plea agreement, under the terms of which the Government agreed to move to dismiss Counts III and IV. Crim. Doc. 43. The plea agreement contained an appeal waiver, wherein Movant waived his appellate and post-conviction remedies related to his finding of guilt and sentence, except in the case of an illegal sentence. *Id.* at ¶ 15.[2] This Court accepted Movant's plea and adjudicated him guilty on September 26, 2008. Crim. Doc. 46. On January 23, 2009, this Court sentenced Movant to 60 months imprisonment on Count I and 41 months imprisonment on Count II, to run consecutively. Crim. Docs. 51-52. Movant did not appeal and he is currently serving his sentence in the custody of the United States Bureau of Prisons. Movant filed the pending Motion on January 25, 2010. Doc. 1. Movant was represented by the Federal Public Defender's office in his criminal case, specifically by Ms. Michelle K. Nahon.

Movant raises four grounds in his pro se petition. In the interest of clarity, the Court recites Movant's claims verbatim, rather than summarizing them.

---

[2] The full text of the appeal waiver reads as follows:
> "a. The defendant acknowledges, understands and agrees that by pleading guilty pursuant to this plea agreement he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement. The defendant acknowledges that this waiver specifically includes waiver of all issues raised and litigated in connection with his motion to suppress (Doc. No. 21).
> b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement."

Crim Doc. 43 at ¶ 15.

> "Ground one: Denial of effective assistance of counsel…In the pre-sentence report there is no recorded or documented financial losses and the sentencing judge ordered that there is no restitution in this case. Counsel failed to object to the (2) point inhancement [sic].
>
> Ground 2: Denial of effective assistance of counsel…Counsel presented case law objecting to the 4 point inhancement [sic] for the 250 or more victims in this case. Counsel only requested that (2) points of the 4 points be moved when in fact all 4 points could have been removed.
>
> Ground three: Denial of right to appeal…Counsel apologized that the judge departed from the guidelines and advised that there was no remedy to that which counsel knew to be a [sic] incorrect sentence. Petitioner asked about those extra points and counsel advised that she would object but didn't.
>
> Ground four: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure…State trooper Manson reach [sic] down into Petitioner's pocket and removed what he stated, felt like a stack of cards after he acknowledge [sic] the [sic] were no weapons or drugs in the none arrest pat down stop and search for speeding."

Doc. 1 at 4-5.

**Standard**

Title 28, section 2255 of the United States Code provides a remedy for federal prisoners to move the Court which imposed their sentence to vacate, set aside or correct the sentence. 18 U.S.C. § 2255(a). Prisoners may allege "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack…" *Id.* Movants are entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…" *Id.* at 2255(b).

In *Strickland v. Washington,* the Supreme Court laid out a two-part test for deciding a claim of ineffective assistance of counsel. 466 U.S. 668 (1984). In order to succeed on a claim of ineffective assistance of counsel, a prisoner must show that "counsel's performance was

3

deficient…[meaning] that counsel made errors so serious the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense…[meaning] errors…so serious as to deprive the defendant of a fair trial…" *Id.* at 687.

## Discussion

### A. Ground One

Movant's first ground deals with the two-point offense level enhancement found in paragraph 22 of the presentence investigation report. Pursuant to USSG §2B1.1(b)(1)(B), the Court found that the loss readily provable was greater than $5,000 but less than $10,000, which requires a two-level enhancement. United States Sentencing Commission, *Guidelines Manual,* §2B1.1(b)(1)(B) (Nov. 2009).[3] Movant claims that his attorney was ineffective for failing to object to this enhancement because there was no restitution ordered. The Court interprets Movant's argument as questioning whether such loss was actually "readily provable," because the Court did not order restitution. While it is true that there was no restitution, "loss" means that greater of the actual or intended loss, which is based on the money in Movant's car at the time of his arrest and the amount of the counterfeit checks in his possession, which totals $7,365.30.[4] USSG §2B1.1, comment. (n.3(A)). Movant's substantive argument regarding this ground is inaccurate. Furthermore, the parties agreed that the loss was between $5,000 and $10,000, and objecting on this ground would have been a breach of the plea agreement. Crim. Doc. 43 at ¶ 10(C). Accordingly, Ms. Nahon's assistance was not constitutionally deficient.

---

[3] Movant was sentenced under a previous version of the Guidelines, but this section has not changed.
[4] Movant seems to argue in his Reply that the Guidelines require the Court to only consider the greater of the actual loss, $3,909, or the intended loss, $3,456.30. This does not make sense in a case where there is both actual and intended loss, because intended loss focuses on the defendant's "subjective intent." *United States v. Hartstein,* 500 F.3d 790, 798 (8th Cir. 2007). Movant's subjective intent clearly included the actual loss he had already caused, evidenced by the cash, and the loss he intended to cause in the future, evidenced by the checks.

The Government contends that Movant has procedurally defaulted on this claim because he did not raise this ground on direct appeal. However, this overlooks the fact that review of ineffective assistance of counsel is generally inappropriate in a direct appeal. *See, e.g., United States v. Pherigo,* 327 F.3d 690, 696 (8th Cir. 2003) ("Claims of ineffective assistance of counsel are properly raised in a post-conviction motion under 28 U.S.C. § 2255 *and not on direct appeal*.") (emphasis added). Though this claim is not defaulted, Ms. Nahon did not render ineffective assistance of counsel because her failure to object to the loss enhancement was legally sound and mandated by the plea agreement. The record conclusively shows that Movant is not entitled to relief on this ground.

**B. Ground Two**

Movant's second ground claims that Ms. Nahon was ineffective for failing to object to the entire enhancement found in paragraph 23 of the presentence investigation report. At sentencing, the Court granted Movant's objection to this enhancement, reducing it from a six to a four-point enhancement for the number of victims. The plea agreement, signed by Movant, agreed that there were at least 50 victims, which translates to a four-point offense level enhancement. USSG §2B1.1(b)(2)(B). The Government reserved the right to argue at sentencing that there were over 250 victims, which it declined to do, agreeing that only a four-point enhancement was appropriate. Movant claims that Ms. Nahon's failure to make an objection which directly contradicts his plea agreement constituted ineffective assistance of counsel. Such an objection could have constituted a breach of the plea agreement, exposing Movant to further criminal liability. Movant was questioned by Judge England about whether he had reviewed the plea agreement with Ms. Nahon and stated that he had and that he understood its terms. Crim. Doc. 44 at 5. Failure to make an objection which contradicts the terms of a plea

5

agreement was not deficient performance. As with his first ground, Movant's failure to raise this claim on direct appeal does not constitute procedural default, since this is an ineffective assistance of counsel claim. However, the record conclusively shows that Movant is not entitled to relief on this ground because he agreed that there were at least 50 victims.

### C. Ground Three

Movant entitles this claim "Denial of Right to Appeal." His Reply reveals that this is actually an ineffective assistance of counsel claim, because he argues that Ms. Nahon inaccurately informed him that he had waived his right to appeal. Movant argues that he had the right to appeal pursuant to 18 U.S.C. § 3742. Movant explicitly waived his right to appeal his sentence. Though the plea agreement allowed Movant to regain his section 3742 right to appeal his sentence had the Government appealed, it did not do so. Movant is simply mistaken in arguing that Ms. Nahon should have told him he had the right to appeal his sentence. He waived this right and has offered no argument or evidence that his guilty plea—and the accompanying waivers—were not voluntary or intelligent. This ground is similarly not subject to procedural default, but the record still shows conclusively that Movant is not entitled to relief.

### D. Ground Four

In his final claim, Movant objects that his conviction was based on illegally obtained evidence. This is a reference to his unsuccessful attempt to suppress evidence stemming from his traffic stop. Crim. Doc. 21. Adopting Judge England's Report and Recommendations, the Court denied Movant's Motion on August 26, 2008. Crim. Doc. 37. As noted in footnote two, Movant explicitly waived his right to seek appellate or collateral review of the Court's denial of his suppression motion. Even if Movant had not waived this right, he has procedurally defaulted on this claim because he did not raise it on direct appeal. *See, e.g., Matthews v. United States,*

114 F.3d 112, 113 (8th Cir. 1997) ("The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies equally when the conviction was entered pursuant to a guilty plea."). Movant has neither alleged nor shown cause nor prejudice which would excuse this default. The record conclusively shows that Movant is not entitled to relief on this ground. Furthermore, though he refers to it as "Ground 3," Movant's Reply makes clear that he wishes to withdraw this claim because he recognizes that he waived this right. Doc. 17 at 5.

## Conclusion

Movant has withdrawn Ground Four. Grounds One, Two and Three all turn on the validity of the plea agreement. Movant was questioned by Judge England and stated that he had reviewed the plea agreement, understood its terms—including the appeal waiver—and wished to plead guilty. Crim. Doc. 44. On each claim, Ms. Nahon acted properly in light of Movant's wavier of his rights. Movant has brought nothing to the Court's attention which would question the validity of that waiver. Accordingly, this Motion is DENIED. A hearing is not warranted because the record conclusively shows that Movant is not entitled to any relief. Finally, a certificate of appealability shall not issue.

**IT IS SO ORDERED**

Dated: September 3, 2010            /s/ Greg Kays
                                                       GREG KAYS
                                                       UNITED STATES DISTRICT JUDGE